825 P.2d 947

**The STATE of Arizona, Appellant,**

v.

**Jaime Javier FIGUEROA–SOTO, Appellee.**

**No. 2 CA–CR 90–0490.**

Court of Appeals of Arizona, Division 2, Department A.

July 9, 1991.

As Corrected July 17, 1991.

Reconsideration Denied Oct. 8, 1991.

Review Denied March 17, 1992.

Stephen D. Neely, Pima County Atty. by Kenneth J. Peasley and John E. Davis, Tucson, for appellant.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears by Robert J. Hooker, Tucson, for appellee.

OPINION

LIVERMORE, Chief Judge.

In the second half of 1988 defendant was charged in three separate proceedings with multiple counts of marijuana offenses and conspiracy. He was represented by re-

---

* A Judge of the Pima County Superior Court authorized and assigned to sit as a Judge on the Court of Appeals, Division Two, pursuant to

Arizona Supreme Court Order filed July 25, 1990.

tained counsel. In 1989 he was charged in a two count indictment with illegally conducting a criminal enterprise and money laundering. Claiming that he was now indigent, defendant asked for and was given appointed counsel on these new charges. Citing the inability of his lawyers to work together, defendant resisted consolidation of some of the charges and insisted on his right to an immediate trial on the last indictment. After conviction by jury verdict, he asserted that the Double Jeopardy Clause of the Fifth Amendment precluded trial on the marijuana and conspiracy offenses. Defendant and the state agreed to a court trial on six counts from two of the earlier charging documents. Based on evidence presented in the earlier jury trial, the court found defendant guilty of two counts of unlawful sale of marijuana, two counts of unlawful transportation of marijuana, one count of unlawful possession of marijuana for sale, and one count of conspiracy. It then set aside those findings and dismissed the charges based on the double jeopardy analysis in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). This appeal followed. We reverse in part.

*Grady v. Corbin* was a case in which defendant, while driving in an intoxicated condition, crossed the center line and struck a vehicle, causing the death of its driver. He was cited for drunk driving and crossing the center line, pled guilty to those offenses and was fined. Two months later he was indicted for vehicular manslaughter, the reckless element of that offense to be proved by the conduct for which he had already been prosecuted. The Court held that "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an. essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 495 U.S. at 521, 110 S.Ct. at 2093, 109 L.Ed.2d at 564.

While that test is relatively easy to apply on the *Grady* facts, it is much less so on the complicated facts of this case. Defendant's guilt of illegal control of an enterprise in violation of A.R.S. § 13–2312 and money laundering in violation of § 13–2317 was essentially proved by the testimony of a bookkeeper for the enterprise interpreting business records to establish defendant's participation with others in a large scale marijuana smuggling operation. While that testimony also established defendant's guilt of the marijuana and conspiracy offenses of which he was subsequently convicted, guilt of those offenses was not an element of either of the offenses tried first. Moreover, even without any evidence of the six offenses, there remained ample evidence of guilt of the two offenses. In these circumstances, it is not easy to say that this evidence "will prove conduct that constitutes an offense for which the defendant has already been prosecuted" as *Grady* requires.

This reasoning is reinforced by the plurality opinion in *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). The Court there concluded that Congress intended the continuing criminal enterprise offense, premised on repeated marijuana violations undertaken in concert with others, to be separately punishable from the underlying substantive marijuana offenses even though those offenses were an essential element of the enterprise offense. The plurality also expressed doubt that the predicate offenses were to be treated as lesser included offenses so as to preclude subsequent prosecution of the enterprise offense even where one of the charged predicate offenses was one of which the defendant had already been convicted. This has led one circuit to conclude that *Grady* does not bar seriatim prosecutions of such compound complex crimes and their simpler substantive offense elements. See *United States v. Esposito*, 912 F.2d 60 (3d Cir.1990). Contra *United States v. Felix*, 926 F.2d 1522 (10th Cir. 1991); *United States v. Calderone*, 917 F.2d 717 (2d Cir.1990). Obviously if an element of an earlier prosecution does not bar a later prosecution, the mere introduction of evidence in the earlier case would not.

While *Grady* does not purport to overturn *Garrett,* the language in *Garrett* was dictum adhered to by only a plurality. In these circumstances, we believe it appropriate to rely more heavily on the rationale of *Grady* that double jeopardy involves, in addition to protection from multiple punishment, protection from the burdens of multiple trials where factual issues are to be relitigated. So read, *Grady* would preclude the subsequent prosecutions here because the same facts were presented in the initial prosecution and the subsequent charges could have been resolved in that prosecution.

*Grady,* however, does not provide total protection to the defendant on the facts of this case. What *Grady* requires is protection against multiple prosecutions; defendant voluntarily forewent that protection with respect to the three counts from CR–24301 when he insisted on early trial of the two charges and resisted consolidation of these three charges. *Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977).[1] The right to have all cognate charges resolved in a single proceeding belongs to the defendant. He cannot resist consolidation and then claim that separate trials denied him that right.

The order setting aside the findings of guilt in CR–24301 is reversed, the order otherwise is affirmed, and the matter is remanded for further proceedings.

LACAGNINA, P.J., and HOWARD, J., concur.

---

1. *Quinton v. Superior Court,* 168 Ariz. 545, 815 P.2d 914, (App.1991), is distinguishable because no motion to consolidate was made. We decline to follow the dictum in that case that the protection against double jeopardy may be waived only by the defendant personally. Fundamental constitutional rights, such as the right to confrontation when defense counsel chooses not to cross-examine or the right to have a trial proceed to conclusion when defense counsel requests a mistrial, are routinely waived without requiring a colloquy between the court and defendant as to whether he agrees. We see no reason why on issues of joinder and severance more is required. There is nothing in *Jeffers* to suggest such a requirement.