947 P.2d 889

**STATE of Arizona, Appellee,**

v.

**Sidney Mitchell CISNEROZ, Appellant.**

**No. 1 CA–CR 96–0392.**

Court of Appeals of Arizona,
Division 1, Department E.

July 1, 1997.

Review Denied Dec. 16, 1997.

6. *See* A.R.S. §§ 14–2101 to 14–2902 and §§ 14– 6101 to 14–6311.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Toni Marie Valadez, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

KLEINSCHMIDT, Judge.

The Defendant appeals his convictions and sentences for drive-by shooting and misconduct involving weapons. He asserts that the trial court erred by refusing to instruct the jury that disorderly conduct is a lesser-included offense of drive-by shooting. He also argues that the court erred in precluding defense counsel from impeaching prosecution witnesses with their juvenile delinquency adjudications based on thefts they had committed. We find that the trial court did not err in refusing the lesser-included instruction because disorderly conduct is not a lesser-included offense of drive-by shooting. We do not resolve the impeachment issue because we find that, even if the court erred on this point, the error was harmless beyond a reasonable doubt.

In October 1995, four teenaged boys were standing in front of the home of two of them when they were approached by a car driven by the Defendant. The Defendant, who was alone in the car, identified himself as "Sid" and told them he had just been released from prison. He asked whether the older brother of the two boys was home. Profanely, the Defendant warned the boys to tell the older brother to leave his family alone.

The boys left in a pickup truck for the store, and the Defendant pulled into a nearby driveway. Shortly thereafter, the boys noticed the Defendant following them. The two boys in the bed of the pickup saw the Defendant stick a gun out the window, aim it at the truck, and fire it once. All of the boys heard the gun shot, and one of them heard the bullet go above his head. They circled the block and returned to the home of two of the boys and called the police.

About twenty minutes later, as the police and the boys were looking for shell casings at the scene of the shooting, the Defendant drove by. The boys identified him, and the police stopped him. There was a woman in the car with the Defendant. The police arrested the Defendant and seized a loaded .45 caliber handgun from the floorboard of his car. The next day, an officer returned to the site of the shooting and found a shell casing which the Department of Public Safety Crime Laboratory determined had been fired from the gun seized from the Defendant.

The Defendant was charged with drive-by shooting, a class 2 dangerous felony, and misconduct involving weapons, a class 4 felony. At trial, defense counsel argued to the jury that the victims were liars and that the evidence supported the view that the woman in the car had fired the shots. The jury found the Defendant guilty of both counts, and he was sentenced to concurrent terms of 15 3/4 years and 10 years respectively. He appeals from both convictions and both sentences.

The court properly denied the Defendant's request for a jury instruction on disorderly conduct as a lesser-included offense of drive-by shooting. A lesser-included offense instruction is appropriate only if the offense is in fact lesser included and the evidence supports the giving of the instruc-

tion. *State v. Kinkade,* 147 Ariz. 250, 253, 709 P.2d 884, 887 (1985). An offense is a lesser-included offense if it is composed solely of some, but not all, of the elements of the greater offense so that it is impossible to commit the greater offense without also committing the lesser. *State v. Scott,* 177 Ariz. 131, 139, 865 P.2d 792, 800 (1993). Put another way, the greater offense contains each element of the lesser offense plus one or more elements not found in the lesser. *State v. Tims,* 143 Ariz. 196, 198, 693 P.2d 333, 335 (1985). Because disorderly conduct requires proof of an element not found in drive-by shooting, it cannot be a lesser-included offense of drive-by shooting.

The elements of drive-by shooting are: (1) intentionally discharging a weapon from a motor vehicle (2) at a person, another occupied motor vehicle or an occupied structure. Ariz.Rev.Stat. Ann. (A.R.S.) § 13–1209(A) (Supp.1996). The elements of disorderly conduct are: (1) intending to disturb the peace or quiet of a neighborhood, family, or person, or with knowledge of doing so by (2) recklessly handling, displaying or discharging a deadly weapon or dangerous instrument. A.R.S. § 13–2904(A)(6) (Supp.1996).

Disorderly conduct requires that the defendant intend or know that his conduct will disturb someone's peace and quiet. There is no such element in the offense of drive-by shooting. To illustrate this point, the State posits an example in its brief:

> A defendant knows that a rival-gang member lives in a particular brick house along Interstate 10. During rush hour, the defendant intentionally points a .22 caliber pistol out of the window of his car and fires at the brick house while it is occupied. Because of the traffic noise, no one in or around the house hears the gunshot, and the defendant knows that the .22 caliber bullet will not penetrate the brick wall. The defendant has committed drive-by shooting; however, he has not committed disorderly conduct.

So, too, the occupant of one car on a busy freeway might fire on another car without intending that anyone realize that such had occurred.

This distinction between the intent required to commit the two offenses is also reflected in the definition of "occupied structure" as that term is used in the drive-by shooting statute. An occupied structure is a building or vehicle "in which one or more human beings either is or is likely to be present or so near as to be in equivalent danger at the time the discharge of a firearm occurs. The term includes any dwelling house, whether occupied, unoccupied or vacant." A.R.S. § 13–3101(5) (Supp.1996). From this it is clear that the probability that someone's peace will be disturbed is immaterial to the crime of drive-by shooting.

The Defendant seeks to get around the problem that disorderly conduct requires an intent to disturb the peace by pointing out that the crime can be committed by intending to disturb the peace of a *neighborhood.* He argues that a *neighborhood* cannot perceive or form a particular mental state, so the legislature must have intended that one could commit disorderly conduct without having an impact on the mental state of any person. The problem with this argument is the premise. The whole purpose of the statute proscribing disturbing the peace is to preserve the equanimity of people. In *State v. Johnson,* 112 Ariz. 383, 385, 542 P.2d 808, 810 (1975), the supreme court, in rejecting an argument that the disturbing the peace statute was unconstitutional as overly broad, discussed the meaning of "neighborhood":

> We find no merit to appellant's argument that the term "neighborhood" refers only to a locality. Reference to any standard dictionary indicates that a common meaning also is:
>
> "A number of people forming a loosely cohesive community within a larger unit (as a city, town) and living close or fairly close together...." *Webster's Third New International Dictionary.*

The supreme court went on to say that the defendant's conduct must be evaluated in terms of whether it would disturb a reasonable person, although it was not necessary for the state to prove that any person in the neighborhood had, in fact, been disturbed. *Id.* While there need be no proof that a specific person was disturbed, it is an element of the offense that the defendant intend or know that what he does will have that effect. The crime of drive-by shooting contains no such element.

■ The Defendant also contends that the trial judge erred in refusing to allow him to impeach the victims with evidence that all four of them had, at one time or another, been adjudicated delinquent for thefts they had committed. The State argued that under *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), such impeachment was improper unless the victims were on probation at the time of the trial. When defense counsel could not show that any of the victims was on probation, the trial judge assumed that he had no discretion but to disallow the impeachment. We need not decide whether a judge has discretion to allow a witness who is not on probation to be impeached with a juvenile conviction. Had the trial judge exercised his discretion and precluded impeachment, such would not be cause to reverse this conviction. More to the point, assuming the judge erred in failing to exercise his discretion, and exercise it in the Defendant's favor, such was harmless beyond a reasonable doubt in the face of the overwhelming evidence of guilt in this case.

The conviction and sentence are affirmed.

WEISBERG, P.J., and VOSS, J., concur.