12 P.3d 229

**STATE of Arizona, Appellee,**

v.

**Robert Leroy WELCH, Appellant.**

No. 1 CA–CR 99–0324.

Court of Appeals of Arizona,
Division 1, Department C.

Oct. 26, 2000.

As Amended Nov. 17, 2000.

Janet A. Napolitano, Attorney General, by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Nhu–Hanh Le, Assistant

Attorney General, Phoenix, Attorneys for Appellee.

Sherman Jensen, Prescott, Attorney for Appellant.

## OPINION

EHRLICH, Judge.

¶ 1 Robert Leroy Welch appeals from his convictions and sentences for manufacturing methamphetamine, possession of chemicals and equipment for the purpose of manufacturing methamphetamine, and possession of drug paraphernalia. He argues that his convictions violate the Double Jeopardy Clauses of the state and federal constitutions. We agree in part, and, therefore, we reverse in part and affirm in part.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 On March 7, 1998, law-enforcement agents arrived at a Prescott apartment in response to complaints of strong odors. They were admitted inside by a woman there to purchase methamphetamine. Within they found Welch and two young children in an environment reeking of smells consistent with those of a methamphetamine laboratory. Welch was taken into custody. The officers then made a sweep of the apartment, discovering in a bedroom a glass "meth pipe" and a methamphetamine laboratory. Welch was charged with manufacturing methamphetamine, a class 2 felony; possessing equipment and chemicals with the purpose of manufacturing methamphetamine, a class 3 felony; possession of methamphetamine for sale, a class 4 felony; possession of drug paraphernalia, a class 6 felony; and, because he had a loaded handgun when apprehended, possession of a deadly weapon during the commission of a felony, a class 4 felony.[1]

¶ 3 Welch moved to dismiss the charge of possession of equipment and chemicals for the purpose of manufacturing methamphetamine and the charge of possession of drug paraphernalia. He argued that these crimes were lesser-included offenses of manufacturing methamphetamine. The motion was denied, and Welch was convicted by the jury as charged with the exception of the crime of possession of methamphetamine for sale.

¶ 4 Welch was sentenced to concurrent prison terms of 9.25 years for manufacturing methamphetamine, 6.5 years for possession of equipment and chemicals for the purpose of manufacturing methamphetamine, 1.75 years for possession of drug paraphernalia and 4.5 years for possession of a deadly weapon during the commission of a felony, with credit for 408 days of pre-sentence incarceration.

### DISCUSSION

¶ 5 Welch contends that he has been subjected to double jeopardy. He specifically argues that his conviction for the possession of chemicals and equipment for the purpose of manufacturing methamphetamine and his conviction for the possession of drug paraphernalia are lesser-included offenses of manufacturing methamphetamine. This is a question of law reviewed de novo by this court. *State v. Rodriguez,* 7 P.3d 148, 326 Ariz.Adv.Rep. 3, ¶ 3 (July 20, 2000) (reviewing de novo whether double jeopardy applies); *see United States v. Horodner,* 993 F.2d 191, 193 (9th Cir.1993)(same). We agree with Welch's first proposition but not with his second one.

[2–4] ¶ 6 The Double Jeopardy Clauses in the United States and Arizona Constitutions[2] protect against: "(1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; (3) multiple punishments for the same offense." *Quinton v. Superior Court,* 168 Ariz. 545, 550, 815 P.2d 914, 919

---

1. Welch also was charged with child abuse. At the close of the state's case, however, these two counts were dismissed.

2. Welch does not pursue his contention that there was a separate violation of the Arizona Constitution. However, the federal and state constitutions do not significantly differ, and the same standard generally is used to analyze both provisions. *State v. Cook,* 185 Ariz. 358, 364–65, 916 P.2d 1074, 1080–81 (App.1995); *Hernandez v. Superior Court,* 179 Ariz. 515, 521–22, 880 P.2d 735, 741–42 (App.1994); *Quinton v. Superior Court,* 168 Ariz. 545, 550, 815 P.2d 914, 919 (App.1991).

(App.1991); *see North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2089 (1969); *Hernandez v. Superior Court,* 179 Ariz. 515, 517, 880 P.2d 735, 737 (App.1994). As a corollary, the prohibition against double jeopardy also serves to bar further prosecution for any lesser-included offense(s). *Illinois v. Vitale,* 447 U.S. 410, 421, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Brown v. Ohio,* 432 U.S. 161, 168–69, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *State v. Chabolla–Hinojosa,* 192 Ariz. 360, 362–63, 965 P.2d 94, 96–97 (App.1998); *Fitzgerald v. Superior Court (State),* 173 Ariz. 539, 544, 845 P.2d 465, 470 (App.1992), citing *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *see* James A. Shellenberger and James A. Strazzella, *The Lesser Included Offense Doctrine and the Constitution: The Development of Due Process and Double Jeopardy Remedies,* 79 MARQ.L.REV. 1, 126 (Fall 1995). It follows that it is unconstitutional to impose a separate punishment for an offense lesser than one for which a defendant also has been convicted and sentenced. *Brown,* 432 U.S. at 169, 97 S.Ct. 2221 ("Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense."); *see* Shellenberger and Strazzella, *The Lesser Included Offense Doctrine and the Constitution,* 79 MARQ.L.REV. at 126.

¶ 7 When the same occurrence violates two distinct statutory provisions, whether there are one or two offenses is determined by examining whether each requires proof of a fact that the other does not, although the elements may overlap. *Blockburger,* 284 U.S. at 304, 52 S.Ct. 180; *State v. Cook,* 185 Ariz. 358, 359, 916 P.2d 1074, 1075 (App.1995); *Hernandez,* 179 Ariz. at 517–18, 880 P.2d at 737–38; *see* Shellenberger and Strazzella, *The Lesser Included Offense Doctrine and the Constitution,* 79 MARQ.L.REV. at 126.

An offense is a lesser-included offense if it is composed solely of some, but not all, of the elements of the greater offense so that it is impossible to commit the greater offense without also committing the lesser. Put another way, the greater offense contains each element of the lesser offense plus one or more elements not found in the lesser.

*State v. Cisneroz,* 190 Ariz. 315, 317, 947 P.2d 889, 891 (App.1997) (citations omitted); *see State v. Foster,* 191 Ariz. 355, 357, 955 P.2d 993, 995 (App.1998); *State v. Woods,* 168 Ariz. 543, 544, 815 P.2d 912, 913 (App.1991). And it may be that the charging document describes the lesser offense although it is not necessarily "a constituent part of the greater offense." *State v. Brown,* 195 Ariz. 206, 207–08 ¶ 5, 986 P.2d 239, 240–41 (App.1999).

¶ 8 The United States Supreme Court recently applied the same elements test in considering whether a defendant is entitled to a jury instruction on a lesser offense. *Carter v. United States,* 530 U.S. 255, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000). The defendant "must demonstrate that 'the elements of the lesser offense are a subset of the elements of the charged offense.'" *Id.* at 2164, quoting *Schmuck v. United States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989).[3] The Court explained that this "elements test requires a 'textual comparison of criminal statutes.'" *Id.,* quoting *Schmuck,* 489 U.S. at 720, 109 S.Ct. 1443. It is in this context that we examine whether possession of chemicals and equipment for the purpose of manufacturing a dangerous drug and possession of drug paraphernalia are lesser-included offenses of manufacturing the same dangerous drug.

¶ 9 First we consider whether the crime of "knowingly" possessing "equipment or chemicals, or both, for the purpose of manufacturing a dangerous drug," methamphetamine in this case, is a lesser-included offense of "knowingly" "[m]anufactur[ing] a dangerous drug" such as methamphetamine. ARIZ.REV.STAT. ("A.R.S.") § 13–3407(A)(3), (4).[4] A textual comparison of the elements

---

**3.** The Court explained that in *Schmuck* "lesser offense" meant lesser in terms of magnitude of punishment. [However,] [w]hen the elements of such a 'lesser offense' are a subset of the elements of the charged offense, the 'lesser offense' attains the status of a 'lesser included offense.'" 530 U.S. at ——, 120 S.Ct. at 2164 n. 2.

**4.** Section 13–3407 of A.R.S. provides in pertinent part:

demonstrates that the elements of the lesser offense are a subset of the elements of the greater offense. *Carter*, 530 U.S. at ——, 120 S.Ct. at 2164, citing *Schmuck*, 489 U.S. at 720, 109 S.Ct. 1443.

¶ 10 Both offenses—possession of equipment and chemicals for the purpose of manufacturing a dangerous drug and manufacture of a dangerous drug—are listed in A.R.S. section 13–3407, subsection A, which requires that the person who commits either crime do so "knowingly." The addition of the word "purpose" to the offense of "knowingly … possess[ing] equipment or chemicals, or both" does not modify the intent with which the equipment and/or chemicals are possessed but the purpose for which they are possessed. The intent is identical for both crimes.

¶ 11 Thus putting the issue of intent aside because it is the same for both crimes, the question is whether a person is able to manufacture methamphetamine without possessing the requisite chemicals and/or equipment, and the answer is "no." While the act of manufacturing methamphetamine encompasses more than the possession of the equipment and/or chemicals, the possession of such equipment and/or chemicals is the sine qua non of the manufacture of methamphetamine. To "possess" means "knowingly to have physical possession or otherwise to exercise dominion or control over property." A.R.S. § 13–105(30). Further, "[o]ne who exercises dominion or control over property has possession of it even if it is not in his physical possession." *Chabolla–Hinojosa*, 192 Ariz. at 363 ¶ 13, 965 P.2d at 97. Given this broad definition of "possess," it is impossible to manufacture methamphetamine without possessing the equipment and/or chemicals for that purpose. And, as the statute makes clear, the offensive possession must be for the purpose of manufacturing the dangerous drug, methamphetamine in this case. One is not guilty of the crime of possession of the chemicals and/or equipment if the possession is not for the illegal purpose of manufacturing the dangerous drug.

¶ 12 The lesser offense is "composed solely of some, but not all, of the elements of the greater offense so that it is impossible to commit the greater offense without also committing the lesser." *Cisneroz*, 190 Ariz. at 317, 947 P.2d at 891. Because section 13–3407(A)(4) cannot be violated without meeting the corresponding elements of section 13–3407(A)(3), Welch's jury, when instructed on the elements of manufacturing methamphetamine, should have been instructed on the lesser-included offense of the possession of "equipment or chemicals, or both" for the purpose of manufacturing methamphetamine.

¶ 13 The jury was not so instructed and convicted Welch of both offenses. This court may correct the error, however, by vacating Welch's conviction and sentence for the lesser-included crime of "knowingly … possess[ing] equipment or chemicals, or both" for the purpose of manufacturing methamphetamine. *Chabolla–Hinojosa*, 192 Ariz. at 365, 965 P.2d at 99 (vacating the conviction of a lesser-included offense); *State v. Jones*, 185 Ariz. 403, 407, 916 P.2d 1119, 1123 (App.1995)(stating that, when two convictions improperly are based on one act, the lesser conviction must be vacated); *State v. Duplain*, 102 Ariz. 100, 101–02, 425 P.2d 570, 571–72 (1967)(suggesting same).[5]

A. A person shall not knowingly:
1. Possess or use a dangerous drug.
2. Possess a dangerous drug for sale.
3. Possess equipment or chemicals, or both, for the purpose of manufacturing a dangerous drug.
4. Manufacture a dangerous drug.
Methamphetamine is classified as a "dangerous drug." A.R.S. § 13–3401(6)(B)(xii).
"Manufacture" is defined by A.R.S. section 13–3401(17) as:
produce, prepare, propagate, compound, mix or process, directly or indirectly, by extraction from substances of natural origin or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis. Manufacture includes any packaging or re-packaging or labeling or relabeling of containers. Manufacture does not include any producing, preparing, propagating, compounding, mixing, processing, packaging or labeling done in conformity with applicable state and local laws and rules by a licensed practitioner incident to and in the course of his licensed practice.

5. The Supreme Court said in *Carter* that, if the elements test is met, the defendant "must also satisfy the 'independent prerequisite that the evidence at trial be such that a jury could rationally

¶ 14 Using the same analysis, we next determine whether possession of drug paraphernalia also is a lesser-included offense of manufacturing a dangerous drug. The offense of possession of drug paraphernalia is as follows:

It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a drug in violation of this chapter.

A.R.S. § 13–3415(A). The same definition of "manufacture" pertains. A.R.S. § 13–3401(17). Again, utilizing a textual comparison, section 13–3415 is not a subset of section 13–3407(A)(4) because, not only is the requisite intent markedly different, section 13–3415 obviously contains elements not found in section 13–3407(A)(4). Welch's possession of a glass pipe used for the ingestion of drugs is a crime independent of the manufacture of a dangerous drug. One is not a lesser-included offense of the other, and Welch thus was not entitled to such instruction of the jury.

## CONCLUSION

¶ 15 For the foregoing reasons, we affirm the convictions and sentences for the manufacture of the dangerous drug methamphetamine and for the possession of drug paraphernalia. However, we reverse the conviction and sentence for the possession of chemicals and equipment for manufacturing methamphetamine.

CONCURRING: EDWARD C. VOSS, Judge.

THOMPSON, Judge, concurring in part, dissenting in part.

¶ 16 I conclude that possession of equipment or chemicals is not a necessarily included offense of manufacture of a dangerous drug and therefore dissent from the majori-

ty's holding to the contrary. I concur in the rest of the majority opinion.

¶ 17 An offense is a constituent part of a greater offense if the lesser offense is composed solely of some, but not all, of the elements of the greater. *State v. Hurley*, 197 Ariz. 400, 403, 4 P.3d 455, 458 (App.2000) (citations omitted). The crime of possessing equipment or chemicals includes elements which are not present in the greater offense. These elements are "possession," "equipment or chemicals," and "purpose."

¶ 18 To "possess" is to knowingly have physical possession or otherwise exercise dominion or control over property. A.R.S. § 13–105(30). There is no element of possession in the drug manufacturing offense. There is no element of the greater offense that requires the use of "equipment or chemicals." Indeed, the statutory definition of "manufacture" includes the mere mixing of natural substances. A.R.S. § 13–3401(17). And section 13–3407(A)(3) requires an intentional mental state, as it prohibits the knowing possession of equipment or chemicals for the "purpose" of drug manufacture. "Purpose" means an "intended or desired result." THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE (2d ed.1987). The greater offense of drug manufacture merely requires the state of mind "knowingly." A.R.S. § 13–3407(A)(4).

¶ 19 The majority holding is apparently based on the assertion that, considering the usual practices of drug manufacturers, one cannot make methamphetamine without using chemicals or equipment. But this premise does not reflect the comparison of statutory elements which is the proper inquiry here. I would affirm the three convictions challenged on appeal.

---

find the defendant guilty of the lesser offense, yet acquit him of the greater.' " 530 U.S. at ——, 120 S.Ct. at 2164 n. 3, quoting *Schmuck*, 489 U.S. at 716 n. 8, 109 S.Ct. 1443. While the evidence against Welch was sufficient to sustain the verdicts, nonetheless, this "independent prerequisite" was met.