NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

-----------------

STATE OF ARIZONA, *Appellee,*

*v.*

ROBIN LORANN BERLIEW, *Appellant.*

No. 1 CA-CR 17-0093
FILED 5-22-2018

-----------------

Appeal from the Superior Court in Yavapai County
No. P1300CR201501127
The Honorable Patricia A. Trebesch, Judge

**AFFIRMED**

-----------------

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Hopkins Law Office, P.C., Tucson
By Cedric Martin Hopkins
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Patricia A. Orozco[1] joined.

---

**C R U Z**, Judge:

¶1        Robin Berliew appeals from her convictions and resulting probation for two counts of forgery, non-dangerous, non-repetitive, Class 4 felonies.  Berliew argues that the State failed to present evidence of her intent to defraud and that the charges for forgery were multiplicitous.  We hold that (1) the State presented sufficient evidence of her intent to defraud, and (2) because possession and presentation are separate acts, they are distinct offenses, which though multiplicitous, did not result in prejudice since Berliew was not double-punished for the two offenses.  We therefore affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        On October 7, 2014, Berliew visited a physician's assistant in Surprise for a checkup and prescription refills.  She sought refills for several prescriptions including the controlled substance Norco.  The physician's assistant found it odd that Berliew sought refills in Surprise when Berliew lived in Prescott Valley.  She also reviewed the Arizona State Board of Pharmacy controlled substances website and noticed Berliew had filled prescriptions for thirty days' worth of Norco and Alprazolam only fourteen days earlier.  She informed Berliew that she would not be able to fill the prescriptions that day because the refills were early.  However, after Berliew asked her to reconsider, she wrote the prescriptions using black ink, dated them October 25, 2014, and informed Berliew she could not refill the prescriptions before that date.

¶3        On October 23, 2014, Berliew dropped off the Norco prescription at the Spring Valley Pharmacy.  The pharmacist noted that the prescription appeared to have been altered because some of the elements of

---

[1]        The Honorable Patricia A. Orozco, retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

the prescription had been written over in blue ink, the date had been altered, and additional zeros and slashes had been added in blue ink. The prescription also had "erythromycin," an address, and a phone number handwritten on it, which the pharmacist testified was an indication the prescription had been previously presented to another pharmacy. The pharmacist contacted the prescriber, who confirmed that the prescription had been altered since it was written.

¶4        Once the prescriber confirmed the prescription had been altered, the pharmacist called the Yavapai County Sheriff's Office. An officer interviewed both the pharmacist and the prescriber, and the prescriber provided a carbon copy of the original Norco prescription. The carbon copy showed the prescription had been altered since the prescriber had written it.

¶5        The State charged Berliew with two counts of forgery, both Class 4 felonies, and a jury found her guilty as charged. The superior court suspended Berliew's sentence and placed her on probation for three years.

¶6        Berliew timely appealed. We have jurisdiction pursuant to Arizona Constitution Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A).

**DISCUSSION**

I.        Rule 20 Motion

¶7        Berliew argues the superior court erred by denying her Arizona Rule of Criminal Procedure ("Rule 20") motion because the State failed to present evidence Berliew intended to defraud the pharmacy.

¶8        We review the superior court's denial of a Rule 20 motion *de novo*, and we review to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. West*, 226 Ariz. 559, 562, ¶¶ 15-16 (2011). We resolve conflicting evidence in favor of sustaining the verdict. *State v. Bearup*, 221 Ariz. 163, 167, ¶ 16 (2009).

¶9        A person commits forgery if, with intent to defraud, the person: (1) "[f]alsely makes, completes or alters a written instrument;" (2) "[k]nowingly possesses a forged instrument;" or (3) "[o]ffers or presents, whether accepted or not, a forged instrument or one that contains false information." A.R.S. § 13-2002(A). "An intent to defraud may be inferred

from circumstantial evidence[.]" *State v. Thompson*, 194 Ariz. 295, 297, ¶ 13 (App. 1999). A defendant's "conduct and comments are evidence of [her] state of mind." *State v. Routhier*, 137 Ariz. 90, 99 (1983).

**¶10** The evidence is sufficient as to both counts of forgery, for possession and presentation respectively. Berliew does not dispute that the Norco prescription was altered or that she presented it to be filled. Furthermore, Berliew's actions support the conclusion that she intended to defraud. Berliew travelled from Prescott to Surprise to request the refill for multiple prescriptions for controlled substances, but she had refilled a thirty-day supply of those same prescriptions two weeks earlier. Carbon copies of the prescriptions demonstrated the prescriptions had been altered since they were written, and the prescriber denied altering the prescriptions in any way after she wrote them. The prescriber testified because Berliew sought to have the Norco prescription filled earlier than the allowable thirty days and was insistent that returning at a later date would cause a hardship, she finally wrote the prescription, but said Norco prescription was postdated to be filled no sooner than October 25, 2014. She explained to Berliew why the prescription was postdated and that she could not have the prescription filled before October 25, 2014. The prescriber also testified she never used blue ink to write her prescriptions, and the alterations to the prescription were made in blue ink. Additionally, the pharmacist testified the handwritten "erythromycin," date, and phone number on the prescription indicated that the prescription had been previously presented to another pharmacy. Finally, when the pharmacist told Berliew she could not fill the prescription and that she had contacted the sheriff's department, Berliew asked if she was going to be in trouble and if she could have the prescription back. Viewing this evidence in the light most favorable to the prosecution, *West*, 226 Ariz. at 562, ¶ 16, we hold that sufficient evidence supported the court's denial of Berliew's Rule 20 motion.

II.    The Indictment

**¶11** Berliew argues the charges in the indictment were multiplicitous because there was only one act that was charged in both counts. We agree that Berliew was convicted of multiplicitous charges, but we do not vacate the conviction and sentence, *see State v. Welch*, 198 Ariz. 554, 558, ¶ 13 (2000) (stating this Court may correct the error of convicting a defendant to multiplicitous charges by vacating the conviction and sentence for the lesser-included crime), because Berliew does not show she was prejudiced by the error, *see State v. Perez*, 233 Ariz. 38, 41, ¶ 9 (App. 2013) (providing that failure to argue fundamental error on appeal waives argument).

¶12        Whether charges are multiplicitous is a question of law that we review *de novo*. *State v. Burns*, 237 Ariz. 1, 22, ¶ 83 (2015). Because Berliew did not argue that the charges were multiplicitous at the trial level, we only review the claim for fundamental error. *Id.* at ¶ 84. To prevail on fundamental error review, Berliew must "establish both that fundamental error exists and that the error in [her] case caused [her] prejudice." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005). Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to [her] defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *Id.* at ¶ 19.

¶13        "Charges are multiplicitous if they charge a single offense in multiple counts." *Merlina v. Jejna*, 208 Ariz. 1, 4, ¶ 12 (App. 2004). Offenses are not multiplicitous if each requires proof of a fact that the other does not. *Id.*; *see Blockburger v. United States*, 284 U.S. 299, 304 (1932).

¶14        Section 13-2002(A)(2) provides that "[a] person commits forgery if, with intent to defraud, the person . . . [k]nowingly possesses a forged instrument." Section 13-2002(A)(3) provides that "[a] person commits forgery if, with intent to defraud, the person . . . [o]ffers or presents, whether accepted or not, a forged instrument or one that contains false information." Although possession and presentation are separate acts, *State v. Morris*, 2 CA-CR 2015-0277, 2017 WL 1366925, at *8, ¶ 35 (Ariz. App. Apr. 13, 2017) (mem. decision), a textual comparison of the elements demonstrates that the elements of A.R.S. § 13-2002(A)(2) are a subset of A.R.S. § 13-2002(A)(3), *State v. Welch*, 198 Ariz. 554, 557, ¶ 9 (2000). Because both offenses are listed in A.R.S. § 13-2002(A), which requires the person who commits either crime do so "with intent to defraud," the intent is the same for both crimes. *See Welch*, 198 Ariz. at 557, ¶ 10.

¶15        The next question is whether a defendant is able to "[o]ffer[] or present[] a forged instrument or one that contains false information" without "knowingly possessing a forged instrument." The answer is "no." Although offering or presenting a forged instrument requires further factual proof than knowingly possessing a forged instrument, a defendant must knowingly possess a forged instrument in order to offer or present that instrument. Given the broad definition of "possess,"[2] it is impossible

---

[2]        "Possess means knowingly to have physical possession or otherwise to exercise dominion or control over property." A.R.S. § 13-105(34). A person "who exercises dominion or control over property has constructive possession of it even if it is not in his physical possession." *State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 9 (App. 2013).

to offer or present a forged instrument without first possessing the forged instrument. Consequently, possession of a forged instrument is a lesser included offense of the greater crime of offering or presenting a forged instrument. As such, alleging both offenses result in a multiplicitous charge. But multiplicitous charges are not illegal "so long as multiple punishments are not imposed." *See Merlina*, 208 Ariz. at 4, ¶ 14.

**¶16** Additionally, Berliew does not argue she was prejudiced by the multiplicitous charge. Nor can she; the superior court suspended the imposition of sentence and placed Berliew on supervised probation for three years.[3] Therefore, Berliew cannot show she was subjected to double punishment, because she was not ordered to serve any additional time on probation for the lesser included offense than the time she was ordered to serve for the greater offense. Because Berliew has not shown she was subjected to double punishment for the same act, we affirm her convictions and sentence.

## CONCLUSION

**¶17** For the foregoing reasons, we affirm Berliew's convictions and the resulting imposition of the probation term.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[3] The maximum statutory period of probation for a Class 4 felony is four years. A.R.S. § 13-902(A)(3).