STATE v. J. P. MONROE.

*Assault and Battery—Druggist—Croton Oil—Improper Administration of Drugs.*

1. Where a druggist, at the request of a customer, dropped croton oil on a piece of candy which the purchaser gave to another person, and the latter ate the candy so drugged, to his serious inconvenience and injury, and the druggist knew, or had reason to believe that the dose was intended for such person, or some one else, as a trick and not for medicinal purposes; *Held*, that the druggist was guilty of assault and battery.

2. In such case, it was not necessary, to constitute the offence, that the dose should be a poisonous or deadly one, but only that it should be an unusual dose likely to produce serious results.

INDICTMENT for assault and battery, tried at August Term, 1897, of UNION Superior Court, before *Hoke, J.*, and a jury. The defendant was convicted and appealed.   The facts sufficiently appear in the opinion.

*Mr. Zeb V. Walser, Attorney General,* and *Messrs. Adams & Jerome* for the State.

*Messrs. E. Y. Webb* and *Covington & Redwine* for defendant (appellant.)

FAIRCLOTH, C. J.:   Will Horn administered to Ernest Barrett, a dose of croton oil and the oil had an injurious

effect on Barrett. Defendant admits he sold the oil to Horn and at his request dropped it into a piece of candy, but says he did not know that these parties were playing practical jokes on each other and did not know for what purpose Horn wanted the oil. Another witness testified that defendant said that Horn said he wanted the oil "for a fellow." Defendant denied saying this. Another witness testified to the quinine episode and to Barrett's and Horn's tricks with each other. Defendant testified that he knew that, a day or two before, Horn had given Barrett a dose of quinine as a joke, in lemonade. There were other witnesses on these matters.

Defendant is indicted for an assault on Barrett. If guilty, he must be so as a principal, not as an accessory. His guilt, then, depends upon whether he knew or had reason to believe that the dose was intended for Barrett or some other person, as a trick, and not for medicinal purposes.

The whole evidence was submitted to the jury who rendered a verdict of guilty. His Honor instructed the jury that when the defendant sold the oil, if he "knew or had reason to believe, and did believe, that it was intended for Barrett or some other person by way of a trick or joke, and not for a medicinal purpose, the defendant would be guilty of assault and battery."

He also charged that it was not necessary that it should be a poisonous or deadly dose; that it was sufficient if it was an unusual dose, likely to produce serious injury. To this instruction we see no objection, and we think it covers the substance of the defendant's prayers proper to go to the jury. There was no exception to the evidence. For duties of druggists, see *Code,* Section 3143–5.

Affirmed.