633 P.2d 1039

**STATE of Arizona, Appellee,**

v.

**Denny MATHEWS, Appellant.**

**No. 1 CA–CR 4633.**

Court of Appeals of Arizona,
Division 1, Department A.

May 19, 1981.

Rehearing Denied July 1, 1981.

Review Denied Sept. 10, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div. and Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

Robert M. Hall, Holbrook, for appellant.

## OPINION

ROSE, Judge.

Denny Mathews was charged in a two-count indictment filed in March, 1978 with felony possession of marijuana in violation of A.R.S. § 36–1002.05[1], and aggravated battery, a felony, in violation of A.R.S. §§ 13–241[2] and 13–245.[3] This was Navajo County Cause Number CR–5686. Pursuant to the terms of a written plea agreement, Mathews pled guilty to both counts. In August, 1978, following entry of judgment of guilt, sentence was suspended and he was placed on probation for one year on the possession of marijuana charge and two and one-half years on the aggravated battery charge. Conditions of probation required incarceration in the Navajo County Jail.

In June, 1979, a "Motion to Revoke and Terminate Probation" was filed in Cause Number CR–5686. The motion alleged variously that Mathews had violated his proba-

---

1. Laws 1961, 1st S.S., Ch. 1, § 3.

2. Laws 1969, Ch. 133, § 3.

3. Laws 1973, Ch. 172, § 33.

tion by driving a motor vehicle with a revoked driver's license, by failing to report as directed to his probation officer, by failing to participate and cooperate in a program of alcoholic counseling, and by frequenting various bars and taverns. While Mathews was in the Navajo County jail awaiting disposition of the probation revocation proceedings, events occurred which led to the filing of three more indictments against him in August, 1979. In Cause Number CR–6242, he was charged with injury to a public jail, a class five felony, in violation of A.R.S. § 31–130[4]; in Cause Number CR–6243, he was charged with arson of an occupied structure, a class two felony, in violation of A.R.S. §§ 13–1701 and 13–1704[5]; and in Cause Number CR–6244, he was charged with aggravated assault on a peace officer, a class six felony, in violation of A.R.S. §§ 13–1203(A)(2), (3), and 13–1204(A)(5).[6] The pending motion to revoke probation in Cause Number CR–5886 was subsequently amended to include these crimes. Shortly after the filing of these charges, Mathews was committed to the Arizona State Hospital in Phoenix for mental examination pursuant to rule 11, Arizona Rules of Criminal Procedure. He was found competent by all examining physicians, and the trial court found him competent to stand trial.

Cause Numbers CR–6242, CR–6243 and CR–6244 were consolidated for trial. On the first day of trial, Mathews entered into a plea agreement with the state. He pled guilty to all three charges and admitted the violations of probation in Cause Number CR–5686. Following an aggravation-mitigation hearing, entry of judgment of guilt on the later charges, and probation revocation in Cause Number CR–5686, Mathews was sentenced to a term of three or four years imprisonment in Cause Number CR–5686, to begin as of July 16, 1979; a term of two years imprisonment in Cause Number CR–6242, effective August 18, 1979; and a term of one and one-half years imprisonment in Cause Number CR–6244, effective August 20, 1979. He was placed on a term of seven years probation in Cause Number CR–6243, but no effective date was set for the probationary term. Mathews filed a single notice of appeal in all cases, and we have jurisdiction of his appeal from the revocation of probation, the judgments of conviction, and the sentences imposed. A.R.S. §§ 13–4031, 13–4033.

■ Appellant's first contention is that there was no factual basis for a plea to the offenses of injury to a public jail in Cause Number CR–6242 and aggravated assault on a peace officer in Cause Number CR–6244, as required by rule 17.3, Arizona Rules of Criminal Procedure. As to the offense of injury to a public jail, A.R.S. § 31–130 provides:

Destruction of or injury to public jail; classification

A person who intentionally and without lawful authority breaks, pulls down *or otherwise destroys or injures* a public jail or other place of confinement is guilty of a class 5 felony. (emphasis supplied)

In reviewing appellant's argument, we note that A.R.S. § 1–213 provides that words and phrases are to be construed according to the common and approved use of the language. Thus, words are to be given their ordinary meaning unless it appears from the context or otherwise that a different meaning should control. *State v. Carter*, 123 Ariz. 524, 601 P.2d 287 (1979). The ordinary meaning of the term "injure" in A.R.S. § 31–130 is found in Webster's Third New International Dictionary (1969): "to impair the soundness of." The record reflects that appellant damaged the lock in the Navajo County jail by bottling the mechanism with toilet paper. Apparently the lock in question was jammed to the point where it could not be opened, and the call in question was inaccessible until the lock was repaired. The trial court ascertained these facts through questions of the appellant and from comments by the prosecutor. We can think of few acts which would in greater

---

4. Laws 1978, Ch. 201, § 518, eff. Oct. 1, 1978.

5. and 6. Revised criminal code, effective October 1, 1978.

measure "impair the soundness" of jail than to render inoperative a lock on a cell therein. We find that a factual basis for the plea was presented to the trial court.

Regarding the plea to aggravated assault on a peace officer, the record reveals that Officer Hayes was making evening rounds in the jail and noticed appellant in a condition where he could not tell whether appellant was conscious. As Officer Hayes entered the cell to examine appellant, appellant came off a bed toward the officer in an apparent attempt to swing and strike with his arm. However, before the blow was struck, appellant threw the contents of a container of liquid onto Officer Hayes. The liquid proved to be human urine, and after Officer Hayes left the cell and secured it, appellant repeatedly informed Officer Hayes, in vernacular terms, the nature of the substance which had struck him. Appellant's argument is that, since he did not personally strike Officer Hayes, no assault occurred.

A.R.S. § 13–1203 provides, in pertinent part:

Assault; classification

A. A person commits assault by:

\* \* \* \* \* \*

2. Intentionally placing another person in reasonable apprehension of imminent physical injury; or

3. Knowingly touching another person with the intent to injure, insult or provoke such person.

The facts presented to the trial court support a violation of A.R.S. § 13–1203(A)(2), because that subsection was satisfied by appellant's action of faking a striking blow to Officer Hayes with his arm. Additionally, we do not think subsection (A)(3) requires that the "touching" in question be a person-to-person contact. Our new code provisions have omitted battery as an offense, and it has been incorporated into this assault statute. R. Gerber, *Criminal Law of Arizona* (1978), page 167. Former A.R.S. § 13–242, a pre-code statute, specifically included "spitting in the face" as an example of how an assault or battery could be committed by "any means capable of inflicting the slightest injury." A.R.S. § 1–211 provides:

Rules of construction and definitions

\* \* \* \* \* \*

C. The rule of the common law that penal statutes shall be strictly construed has no application to these revised statutes. Penal statutes shall be construed according to the fair import of their terms, with a view to effect their object and to promote justice.

Thus the rule that penal statutes are to be strictly construed, *State v. Wayman*, 104 Ariz. 125, 449 P.2d 296 (1969), is only one of several factors to be utilized in determining legislative intent, and such factor must be considered with the various other rules of statutory construction. *State v. Locks*, 94 Ariz. 134, 382 P.2d 241 (1963). Additionally, our statutes should be construed as consistent with the common law. A.R.S. § 1–201; *United Bank v. Mesa N. O. Nelson Company, Inc.*, 121 Ariz. 438, 590 P.2d 1384 (1979). Our statutes are not deemed to repeal the common law unless legislative intent to do so is clearly manifested. *Tucson Gas & Electric Company v. Schantz*, 5 Ariz.App. 511, 428 P.2d 686 (1967).

Turning to the common law, we find the following statement in *Perkins on Criminal Law* (2nd Ed., 1969), at page 108:

A battery is an application of force to the person of another "by the aggressor himself, or by some substance which he puts in motion."

The examples in *Perkins* make clear that person-to-person contact is unnecessary, and a battery may be committed by administering poison, applying caustic chemicals, or communicating a disease. Since our assault statute now encompasses the offense of battery, we think there can be no question that throwing a substance, such as human urine, onto the person of another is "touching" within the meaning of A.R.S. § 13–1203(A)(3) and constitutes the crime of assault in Arizona.

Appellant next argues that the trial court failed to follow the provisions of A.R.S. § 13–901(G) when it ordered restitution as a

term of probation without fixing the exact amount of such restitution.

At the time appellant was placed on probation, A.R.S. § 13–901 provided:

Probation

\* \* \* \* \* \*

G. When restitution is made a condition of probation, the court shall fix the amount thereof and the manner of performance. If the record does not contain sufficient evidence to support a finding of the amount, the court may conduct a hearing upon the issue, according to procedures established by rule of court.

H. When granting probation, the court shall set forth at the time of sentencing and on the record the factual and legal reasons in support of each sentence.

In granting probation in Cause Number CR–6243, the trial court imposed a fourth term or condition as follows:

4. You shall reimburse Navajo County for damages and for the cleanup of the jail for acts that you did and reimburse Navajo County for attorney's fees incurred by the appointment of an attorney in these cases in an amount to be determined by the probation officer. [Probation officer], when the County receives the bill from the defense attorney, we will know what that figure is.

These payments are to be made on a schedule approved by your probation officer upon your release from the State penitentiary.

We agree with appellant that the trial court has not complied with A.R.S. § 13–901(G).[7]

■■■■ Probation is a matter of legislative grace, and the superior court's power with respect to probation is purely statutory. *State v. Harris,* 122 Ariz. 593, 596 P.2d 731 (App.1979). The statute in question provides that the court *shall* fix the amount of restitution to be paid, and also provides for a hearing, if necessary, to determine the correct amount. We think this evidences a clear legislative intent that the trial court

fix the exact amount of restitution at the time probation is imposed, rather than leaving it to a later determination by the probation officer. This matter must be remanded to give the trial court an opportunity to do so.

■■■■ Appellant also argues the trial court did not comply with A.R.S. § 13–901(H) in that it did not state why it granted probation in Cause Number CR–6243. Again, the legislative language is mandatory, in that the statute says that the trial court *shall* set forth its reasons for granting probation. According to *Gerber, supra,* at page 116:

When placing a defendant on probation, the court must set forth on the record the factual and legal reasons supporting the imposition of probation because probation is regarded as a deviation from the presumptive sentence.

*See also, Gerber, supra,* page 117. Before the imposition of sentence in all four cases, the trial court reviewed the appellant's strengths and weaknesses in a general narrative. However, the trial judge did not state which part of the narrative specifically addressed Cause Number CR–6243. *See* A.R.S. § 13–702(C); *State v. Poling,* 125 Ariz. 9, 606 P.2d 827 (App.1979); *State v. Winans,* 124 Ariz. 502, 605 P.2d 904 (App. 1979). We feel the better procedure would have been for the trial court to treat the imposition of probation separately from the other sentences so the record would more clearly show the factual and legal reasons in support of probation. We do not agree, however, that the narrative on the record of this case fails to satisfy A.R.S. § 13–901(H).

Finally, appellant argues that the terms of probation in Cause Number CR–6243 are unlawful because they are impossible to comply with. The various conditions complained of require appellant to be employed and to support any dependents at all times, to pay reimbursement for damages to the jail and for attorney's fees, to not associate with any person whom he has reason to

---

7. Appellant was placed on probation on December 20, 1979. A.R.S. § 13–901 has since been amended, effective April 23, 1980, renumbering former A.R.S. § 13–901(G) as A.R.S. § 13–901(H), and former A.R.S. § 13–901(H) as A.R.S. § 13–901(I).

believe is violating the law of the land, or has a criminal record, or has been charged with a felony. Appellant argues that since his probationary term is concurrent with imprisonment in the Arizona State Prison, it will be impossible for him to meet these terms.

In *State v. Jones*, 124 Ariz. 24, 601 P.2d 1060 (1979), and *State v. Mendibles*, 125 Ariz. 7, 606 P.2d 825 (App.1979), it was recognized that concurrent prison and probationary terms are permissible in Arizona. In any such situation, certain usual probationary terms and conditions will obviously be impossible to perform while a probationer is incarcerated in prison. However, we think that any such terms and conditions are implicitly applicable only upon discharge from confinement. That this was the trial court's intent is borne out in the quoted comments above to the effect that restitution would be required only upon appellant's release from prison. We do not think it is fatal to the imposition of probation and its attendant terms and conditions that the trial court failed to explicitly mention the common sense proposition that many of them could not be fulfilled while appellant was in prison.

Our review of the record has disclosed one additional problem with the imposition of probation, however. We find no indication of the effective date of the probationary period anywhere within the record. The matter must therefore be remanded so the trial court may set an effective date for the beginning of the probationary term.

The judgments of conviction and the revocation of probation are affirmed. The sentences in Cause Numbers CR–5686, CR–6242 and CR–6244 are affirmed. Cause Number CR–6243 is remanded to the trial court with instructions to set forth on the record the effective date of the beginning of the probationary term, and to determine and fix the exact amount of restitution required as a condition of probation.

CONTRERAS, P. J., and OGG, J., concur.

*NOTE*: The Honorable C. Kimball Rose was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz.Const. art. VI, § 3.