39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Quentin CLITSO, Defendant-Appellant.
 No. 93-10403.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Quentin Clitso appeals his 120-month sentence imposed following his nolo contendere plea to one count of abusive sexual conduct in violation of 18 U.S.C. Sec. 2244(a)(1). Clitso contends that the district court erred by sentencing him as a career offender under the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") Secs. 4B1.1 and 4B1.2 because his prior Arizona state conviction for aggravated assault of a police officer was not a "crime of violence." We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo the district court's interpretation of the Guidelines. United States v. Lonczak, 993 F.2d 180, 180 (9th Cir.1993). We affirm.
 
 
 3
 A defendant is a career offender if he "has at lease two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. Sec. 4B1.1 (1992). The Guidelines further define a "crime of violence" as "any offense under federal or state law punishable by imprisonment for a term exceeding one year that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) ... involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. Sec. 4B1.2(1). The commentary to Sec. 4B1.2 specifically lists aggravated assault as a "crime of violence." U.S.S.G. Sec. 4B1.2, comment. (n. 2); see also United States v. Robinson, 967 F.2d 287, 293-94 (9th Cir.1992) (using force or violence on a peace officer is held a "crime of violence").
 
 
 4
 "To determine whether a prior conviction is a 'crime of violence,' we look to 'the elements of the crime charged or whether the actual charged "conduct" of the defendant presented a serious risk of physical injury to another.' " United States v. Young, 990 F.2d 469, 471 (9th Cir.) (quoting United States v. Sahakian, 965 F.2d 740, 742 (9th Cir.1992)), cert. denied, 114 S.Ct. 276 (1993); see also U.S.S.G. Sec. 4B1.2, comment. (n. 2) ("the conduct of which the defendant was convicted is the focus of the inquiry"); cf. United States v. Davis, 932 F.2d 752, 764 (9th Cir.1991) (prior conviction under the career offender guidelines can be proven by the plea hearing transcript and defense attorney's admission).
 
 
 5
 In Arizona, a person is guilty of aggravated assault if he knowingly assaults a peace officer. See Ariz.Rev.Stat.Ann. Sec. 13-1204 (1991). Assault is defined as "knowingly touching another person with the intent to injure, insult or provoke such person." Ariz.Rev.Stat.Ann. Sec. 13-1203 (1991). The Supreme Court of Arizona has held that it is possible to commit aggravated assault without the use or threat of violence. See State v. Fierro, 166 Ariz. 539, 550 (1990); see also State v. Mathews, 130 Ariz. 46 (1981) (faking a striking blow at a police officer constitutes aggravated assault since "touching" does not require person-to-person contact).
 
 
 6
 Clitso contends that based on the language of Arizona statute Secs. 13-1203 and 13-1204, a person can be convicted of aggravated assault in Arizona by touching a person, such as a peace officer, with the intent to insult. However, we need not decide whether this particular reading of the aggravated assault statute implicates as an element the use or threatened use of violence. See Young, 990 F.2d at 471. Clitso admitted and the district court found that Clitso's aggravated assault conviction resulted from a "significant and severe" contact with a police officer. This conduct presented a serious potential risk of physical injury to another, and thus satisfies the definition of "crime of violence." See Robinson, 967 F.2d at 293-94; Davis, 932 F.2d at 764. Therefore, the district court correctly sentenced Clitso as a career offender under the Guidelines. See U.S.S.G. Secs. 4B1.1, 4B1.2; Young, 990 F.2d at 471-72.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3