IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

|  |  |
|---|---|
| ) | 2 CA-JV 2005-0021 |
| ) | DEPARTMENT B |
| ) |  |
| IN RE JEREMIAH T. ) | O P I N I O N |
| ) |  |
| ) |  |
| ) |  |

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. JV04000288

Honorable Ann R. Littrell, Judge

VACATED

Edward G. Rheinheimer, Cochise County Attorney
 By Nancy J. Galey
                                                                    Sierra Vista
                                                        Attorneys for State

Mark A. Suagee, Cochise County Public Defender
 By Kelly A. K. Smith
                                                                          Bisbee
                                                         Attorneys for Minor

P E L A N D E R, Chief Judge.

¶1         After a contested hearing, the minor, Jeremiah T., born October 10, 1990, was found responsible for assault pursuant to A.R.S. § 13-1203(A)(3), a class three misdemeanor. *See* § 13-1203(B). He was adjudicated delinquent and placed on six months'

probation. On appeal, he contends the juvenile court erred as a matter of law in ruling that assault under § 13-1203(A)(3) is a lesser-included offense of assault under § 13-1203(A)(1), the offense charged in the delinquency petition. We agree and therefore vacate the adjudication.

¶2 The charges against Jeremiah (also known as Jeremy) arose from an incident that occurred in the boys' locker room of a Sierra Vista middle school. The victim, C., testified that he had just finished dressing for his physical education class when he was accosted by Jeremiah and another male student, Nikko, both of whom were older and bigger than C. According to C., "Nikko and Jeremy came up to me, and Jeremy said [']let's rape him,['] and Jeremy stood in front of me and Nikko stood behind me and they bumped into me with their pelvis area." C. immediately reported the incident to the physical education teacher and subsequently described the event to the school principal, his mother, and an investigating police officer.[1]

¶3 The delinquency petition charged Jeremiah with committing two class one misdemeanors: "knowingly, intentionally and recklessly assault[ing C.], in violation of

---

[1]In addition to C., the four other witnesses who testified at the adjudication hearing were the investigating officer, Jeremiah, Nikko, and Charles, a student who had also been present in the locker room. Charles testified he had seen Jeremiah and Nikko approaching C. and C. backing away from them. Although there were a number of conflicts and inconsistencies in the five witnesses' testimony for the trial court to resolve, *see In re Maricopa County Juvenile Action No. JS-8490*, 179 Ariz. 102, 107, 876 P.2d 1137, 1142 (1994) (fact-finder assesses credibility and resolves evidentiary conflicts), their existence and resolution are irrelevant to the purely legal issue presented on appeal.

A.R.S. § 13-1203(A)(1),"[2] and "threatening by word or conduct to cause physical injury to [C.], in violation of A.R.S. § 13-1202(A)(1)." At the conclusion of the adjudication hearing, the juvenile court found the state had not proved either charge beyond a reasonable doubt but had proved the elements of § 13-1203(A)(3), which the court deemed a lesser-included offense of § 13-1203(A)(1).

¶4 Section 13-1203(A) provides:

A person commits assault by:

1. Intentionally, knowingly or recklessly causing any physical injury to another person; or

2. Intentionally placing another person in reasonable apprehension of imminent physical injury; or

3. Knowingly touching another person with the intent to injure, insult or provoke such person.

¶5 To be a lesser-included offense, "the offense must be composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one." *State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983); *accord State v. Cisneroz*, 190 Ariz. 315, 317, 947 P.2d 889, 891 (App. 1997). "Put another way, the greater offense contains each element of the lesser offense plus one or more elements not found in the lesser." *Cisneroz*, 190 Ariz. at 317, 947 P.2d at 891; *see also State v. Foster*, 191 Ariz. 355, ¶ 8, 955 P.2d 993, 995 (App.

---

[2]Although count one of the delinquency petition cited A.R.S. § 13-1203(A)(1), it did not accurately mirror the language of the statute. *See* ¶ 4, *infra*.

3

1998). "The elements test requires that commission of the greater offense always result in commission of the lesser offense." *State v. Cutright*, 196 Ariz. 567, ¶ 2, 2 P.3d 657, 662 (App. 1999), *disapproved on other grounds by State v. Miranda*, 200 Ariz. 67, 69, 22 P.3d 506, 508 (2001).[3] In applying the elements test, "we focus on the elements of each provision" without regard to the facts of the case before us. *State v. Siddle*, 202 Ariz. 512, ¶ 10, 47 P.3d 1150, 1154 (App. 2002).

¶6        It is readily evident from comparing § 13-1203(A)(1) and (A)(3) that the elements of the two offenses differ and that a person can commit either offense without necessarily committing the other. Subsection (A)(1) requires that a person cause physical injury to another person but does not require "touching," while subsection (A)(3) requires touching but not resultant injury. "Touching" for purposes of § 13-1203(A)(3) does not require direct, person-to-person physical contact. It is sufficient if the defendant sets in motion a force or process that produces some sort of contact with the victim. *State v. Mathews*, 130 Ariz. 46, 49, 622 P.2d 1039, 1042 (App. 1981). Examples discussed or suggested by *Mathews* include throwing urine from a container onto a person, spitting on

---

[3]As this court has noted, "[i]n the context of lesser-included offenses, the test has been articulated as 'whether [the purported lesser-included offense] is, by its very nature, *always* a constituent part of the greater offense, or whether the charging document describes the lesser offense even though it does not always make up a constituent part of the greater offense.'" *State v. Siddle*, 202 Ariz. 512, ¶ 10, 47 P.3d 1150, 1154 (App. 2002), *quoting State v. Chabolla-Hinojosa*, 192 Ariz. 360, ¶ 12, 965 P.2d 94, 97 (App. 1998) (emphasis and alteration in *Siddle*). As discussed below, neither of these alternative tests is satisfied here.

4

someone, poisoning food that the victim ingests, transmitting a disease, or placing caustic chemicals on a surface touched by the victim. Causing physical injury for purposes of § 13-1203(A)(1), however, can be accomplished without any touching at all—as, for example, by withholding needed medication from a dependent or incapacitated victim.

¶7        In addition, the touching required under subsection (A)(3) must be knowing while the necessary physical injury under subsection (A)(1) can be caused intentionally, knowingly, or recklessly.  And the knowing touch required under subsection (A)(3) must be accompanied by a specific intent either "to injure, insult or provoke" the victim, which thus may or may not overlap with subsection (A)(1)'s "intentionally, knowingly or recklessly causing . . . physical injury."

¶8        In short, the offense described in § 13-1203(A)(3) is a less serious offense than the offense described in § 13-1203(A)(1) and a lower class of misdemeanor, *see* § 13-1203(B), but it is not a lesser-included offense because the elements of the two offenses are distinct. *See State v. Sanders*, 205 Ariz. 208, ¶ 33, 68 P.3d 434, 442 (App. 2003) (the two types of assault under § 13-1203(A)(2) and (A)(3) are "distinctly different crimes[;] . . . neither is a lesser-included offense of the other because each offense has elements that the other does not"); *State v. Foster*, 191 Ariz. 355, ¶¶ 9-10, 955 P.2d 993, 995 (App. 1998) (disorderly conduct is lesser-included offense of aggravated assault charged under § 13-1203(A)(2) but not of assault under § 13-1203(A)(1)).

**¶9** The state characterizes the juvenile court's ruling as effectively amending the delinquency petition to conform to the evidence presented at the adjudication hearing. Such an amendment was permissible, the state contends, pursuant to Rule 29(D)(1), Ariz. R. P. Juv. Ct., 17B A.R.S. Like its counterpart in the criminal rules, Rule 29(D)(1) provides: "The *charge* may be amended only to correct mistakes of fact or remedy formal or technical defects, unless the juvenile consents to the amendment. The *charging document* shall be deemed amended to conform to the evidence presented at any court proceeding." (Emphasis added.) *See* Ariz. R. Crim. P. 13.5(b), 16A A.R.S. But, the juvenile court gave no indication that it intended such an amendment; it stated only that it found the assault in § 13-1203(A)(3) to be a lesser-included offense of assault under subsection (A)(1).

**¶10** Citing *State v. Eastlack*, 180 Ariz. 243, 258, 883 P.2d 999, 1014 (1994), and *State v. Winter*, 146 Ariz. 461, 465, 706 P.2d 1228, 1232 (App. 1985), the state suggests the delinquency petition was amended automatically, without a formal request by the state or an express ruling by the court, and that the amendment was constitutionally permissible because changing the offense from subsection (A)(1) to subsection (A)(3) did not change the nature of the offense. The state argues that "[t]he nature of the offense charged in this case was *physical contact* that resulted in actual injury" and that the nature of the "lesser-included offense" under § 13-1203(A)(3) was likewise physical contact, that is, "touching."

**¶11** The argument suffers from several flaws. First, it overlooks the divergent elements of the applicable subsections and instead focuses improperly on the particular facts

6

of this case. *See Siddle*, 202 Ariz. 512, ¶ 10, 47 P.3d at 1154; *State v. Cook*, 185 Ariz. 358, 361, 916 P.2d 1074, 1077 (App. 1996). Second, it ignores the fact that the delinquency petition alleged only that Jeremiah had "knowingly, intentionally and [sic] recklessly assaulted" C. in violation of § 13-1203(A)(1), mentioning neither physical contact nor resulting injury. Third, it overlooks that "causing . . . physical injury" under subsection (A)(1) does not inherently require "touching."

¶12　　　Finally, unlike the theft offenses involved in *Eastlack* and *Winter*, the three subsections of § 13-1203(A) are not simply variants of a single, unified offense; they are different crimes. *See Sanders*, 205 Ariz. 208, ¶ 33, 68 P.3d at 442. As Division One of this court observed in *Sanders*, "Whatever merit *Winter's* unitary approach might have in the context of Arizona's theft statute, it does not transfer to Arizona's assault statute." 205 Ariz. 208, ¶ 44, 68 P.3d at 444. We agree with Division One's reasoning and thus reject the state's contention that "the nature of the charge" is the same under either § 13-1203(A)(1) or (A)(3), permitting an implicit revision of the charge during trial without prior notice or a formal request by the state.

¶13　　　Because the elements of § 13-1203(A)(1) and (A)(3) differ, and because it is possible to commit assault under (A)(1) without also violating (A)(3), assault under the latter subsection is not a lesser-included offense of assault under the former. Consequently, the juvenile court erred in adjudicating Jeremiah delinquent for a different offense from the one with which he had been charged, in the absence of his consent to the change or prior

7

notice. *See In re Maricopa County Juvenile Action No. J-75755*, 111 Ariz. 103, 106, 523 P.2d 1304, 1307 (1974). Jeremiah was not required to demonstrate prejudice because, when an amendment changes the nature of the offense charged, "prejudice inheres in the amendment and is conclusively presumed." *Sanders*, 205 Ariz. 208, ¶ 20, 68 P.3d at 440. "[W]hen the Sixth Amendment is violated by an amendment that 'actually modifies an essential element of the offense charged . . . it is reversible per se.'" *Id., quoting Hunter v. New Mexico*, 916 F.2d 595, 599 (10th Cir. 1990).

**¶14**      Accordingly, we vacate the juvenile court's orders of adjudication and disposition.

_____
JOHN PELANDER, Chief Judge

CONCURRING:


_____
PHILIP G. ESPINOSA, Presiding Judge


_____
WILLIAM E. DRUKE, Judge*


*A retired judge of the Arizona Court of Appeals authorized and assigned to sit as a judge on the Court of Appeals, Division Two, pursuant to Arizona Supreme Court Order filed December 6, 2005.