166 P.3d 127 (2007)
In re P.D.
No. 1 CA-JV 07-0057.
Court of Appeals of Arizona, Division 1, Department C.
September 4, 2007.
Andrew Thomas, Maricopa County Attorney By Linda Van Brakel, Deputy County Attorney, Phoenix, Attorneys for Appellee.
James J. Haas, Maricopa County Public Defender By Eleanor S. Terpstra, Deputy Public Defender, Phoenix, Attorneys for Appellant.

OPINION
TIMMER, Presiding Judge.
¶ 1 The juvenile court adjudicated P.D. ("Juvenile") delinquent for committing one count of aggravated assault for putting water from a urinal into a teacher-aide's soda. Ariz.Rev.Stat. ("A.R.S.") §§ 13-1203(A)(3) (2001), -1204(A)(6) and (B) (Supp.2006). Juvenile appeals, arguing the juvenile court erred by concluding that his act constituted a prohibited "touching" under A.R.S. § 13-1203(A)(3). For the following reasons, we disagree and therefore affirm.

BACKGROUND[1]
¶ 2 Fifteen-year-old Juvenile was in his school's bathroom one morning with other boys when a companion took an empty water bottle and filled it with two to three inches of water from a urinal. After the boys teased some other students with the bottle, they threw it into a trash can. Juvenile fished the bottle from the trash and brought it into teacher K.H.'s eighth-grade classroom.
¶ 3 S.B., a teacher-aide in K.H.'s classroom, had a desk near Juvenile's seat. On this morning, S.B. had a cup of soda on her desk. While K.H. was reading an article to the class, S.B. briefly left the room to copy *128 papers. While she was out and K.H's attention was elsewhere, Juvenile poured some of the urinal water into S.B.'s drink.
¶ 4 When S.B. returned to the classroom, she noticed liquid spilled around her cup, which had not been there before. She took a sip and noticed the drink did not taste right; it was watered down and tasted of salt and chlorine. After S.B. took the sip, the students sitting near Juvenile giggled. When S.B. declared that something had been put in her drink, she noticed Juvenile would not look at her.
¶ 5 After S.B. complained to school officials of the incident, the school initiated an investigation that day. Later that day, a substitute teacher-aide overheard Juvenile complain to other students, "Man, you guys ratted me out . . . [y]ou guys told that I put that stuff in [S.B.'s] drink." The school concluded Juvenile was the culprit.
¶ 6 The State subsequently filed a petition alleging that Juvenile was delinquent for committing aggravated assault and by adding a harmful substance to S.B.'s drink. A.R.S. §§ 13-1203(A)(3), -1204(A)(6) and (B), -3704 (Supp.2006). Following a one-day adjudication hearing, the court found Juvenile delinquent of aggravated assault but not delinquent of adding a harmful substance to S.B.'s drink. Thereafter, the court imposed standard probation and ordered Juvenile to perform forty hours of community service. This timely appeal followed.

DISCUSSION
¶ 7 Juvenile's sole argument on appeal is that the juvenile court erred by ruling that his act of placing urinal water in S.B.'s drink constituted a prohibited "touching" under A.R.S. § 13-1203(A)(3). That statute provides that a person commits assault by "[k]nowingly touching another person with the intent to injure, insult or provoke such person." Id. The legislature did not define "touching." Juvenile acknowledges that the requisite "touching" does not require person-to-person contact. In re Jeremiah T., 212 Ariz. 30, 33, ¶ 6, 126 P.3d 177, 180 (App.2006). He contends, however, that his misdeed was too remote to constitute a touching. The State counters that Juvenile committed a touching by setting events in motion that resulted in S.B. drinking the urinal water. We review matters of statutory interpretation de novo. In re Estate of Goldman, 215 Ariz. 169, 171, ¶ 9, 158 P.3d 892, 894 (App. 2007).
¶ 8 The parties focus their arguments on the reasoning of two cases from this court. In State v. Mathews, 130 Ariz. 46, 47, 633 P.2d 1039, 1040 (App.1981), the State charged Mathews with aggravated assault for throwing urine from a container onto a peace officer. After he pled guilty pursuant to a plea agreement, he appealed, contending no factual basis existed for his plea. Id. at 47-48, 633 P.2d at 1040-41. Specifically, he argued that "since he did not personally strike [the officer], no assault occurred." Id. at 49, 633 P.2d at 1042.
¶ 9 This court rejected Mathews' contention, stating that "touching" pursuant to A.R.S. § 13-1203(A)(3) does not require person-to-person contact. Mathews, 130 Ariz. at 49, 633 P.2d at 1042. In reaching this decision, we reasoned that the former offense of battery, now incorporated in the offense of assault, included "spitting in the face" as an example of how a battery "could be committed by `any means capable of inflicting the slightest injury.'" Id. (quoting A.R.S. § 13-242 (repealed 1978)). Additionally, we noted that under the common law, "[a] battery is an application of force to the person of another `by the aggressor himself, or by some substance which he puts in motion.'" Mathews, 130 Ariz. at 49, 633 P.2d at 1042 (quoting M. Perkins and Ronald M. Boyce, Criminal Law at 108 (2nd Ed., 1969)). As examples from the common law showing that person-to-person contact is unnecessary to commit battery, we cited administering poison, applying caustic chemicals, and communicating a disease. Id. Against this backdrop, we concluded that throwing urine onto another is a "touching" within the meaning of § 13-1203(A)(3). Mathews, 130 Ariz. at 49, 633 P.2d at 1042.
¶ 10 In In re Jeremiah T., 212 Ariz. at 32, ¶¶ 1, 3, 126 P.3d at 179, this court vacated Jeremiah's adjudication of delinquency based on a violation of A.R.S. § 13-1203(A)(3) because *129 the State had sought the judgment only under § 13-1203(A)(1),[2] and the former provision is not a lesser-included offense of the latter. In reaching this conclusion, the court relied on Mathews, reiterating that "touching" within the meaning of § 13-1203(A)(3) "does not require a direct, person-to-person physical contact. [Instead, i]t is sufficient if the defendant sets in motion a force or process that produces some sort of contact with the victim." Id. at 33, ¶ 6, 126 P.3d 177, 126 P.3d at 180.
¶ 11 Juvenile argues that the principle gleaned from Mathews and Jeremiah is that to constitute a "touching" under § 13-1203(A)(3) that is not person-to-person, the actor must either employ a tool or aid that is active and destructive in nature (e.g., administering poison), or apply a force directly onto the victim (e.g., spitting). Because the court held that the State had failed to prove that urinal water is harmful, and the act of putting urinal water into a drink is not the application of force directly onto a victim, Juvenile contends his act fails to constitute a "touching" under § 13-1203(A)(3). We disagree.
¶ 12 First, Juvenile cites no authority, and we know of none, supporting his restrictive view of what type of force or process a defendant must set in motion to constitute a "touching." Conversely, in Mathews we stated that a defendant applies force to another sufficient to constitute a battery by putting in motion "some substance" that comes into contact with the victim. 130 Ariz. at 49, 633 P.2d at 1042. We did not require the substance to be harmful. Id.
¶ 13 Second, we discern no principled reason for adopting Juvenile's proposed restriction. Assault under § 13-1203(A)(3) does not require a resulting injury to the victim. Jeremiah, 212 Ariz. at 33, ¶ 6, 126 P.3d at 180. Consequently, no reason exists to conclude that a substance placed in food or drink for ingestion must be harmful to be a touching.
¶ 14 Third, adoption of Juvenile's interpretation of "touching" could cause absurd consequences. See State v. Medrano-Barraza, 190 Ariz. 472, 474, 949 P.2d 561, 563 (App. 1997) ("We presume the framers of the statute did not intend an absurd result and our construction must avoid such a consequence."); A.R.S. 1-211(B) (2002) ("Statutes shall be liberally construed to effect their objects and to promote justice."). Under Juvenile's view, leaving urinal water in S.B.'s cup was not a touching, while it would have been had he thrown the urinal water directly onto S.B. We see no basis for such a distinction as the water comes in contact with S.B. under both scenarios.
¶ 15 We agree with the State that the reasoning in State v. Dawson, 985 S.W.2d 941 (Mo.App.1999), applies to the present case. In that case, Dawson put his semen into the victim's mug without her knowledge. Id. at 944-45. The defendant left, and the victim later drank from the mug. Id. at 944. The defendant was ultimately convicted of assault. Id. at 951. One issue on appeal was whether Dawson's act constituted the type of "physical contact" required to convict him of assault. Id. In affirming, the court reviewed cases from other jurisdictions, including Mathews, and then dismissed the notion that Dawson's conduct was too remote to constitute physical contact:
This court acknowledges that placing semen in a mug is a more passive act than throwing urine or compelling someone to touch an objectionable object, but it is very similar to placing poison in food. See State v. Monroe, 121 N.C. 677, 28 S.E. 547, 548 (1897) (druggist guilty of battery for placing croton oil on a piece of candy sold for non-medicinal purpose). The distinction between active and passive conduct does not defeat the persuasiveness of the analogy between this case and those previously cited. Further, this court is persuaded by other states' interpretation of "physical contact" to extend beyond person-to-person, flesh-to-flesh contact. Based upon careful review of the above case law and treatises, this court finds that, under the circumstances of this case, placing semen in a person's drinking mug constitutes *130 physical contact analogous to the contact in the cases cited.
Id. at 952; see also M. Perkins & Ronald N. Boyce, Criminal Law Ch. 2, § 2, at 153-54 (3d Ed., 1982) (listing ways a tortfeasor can commit battery without direct contact).
¶ 16 In summary, we hold that a "touching" occurred within the meaning of A.R.S. § 13-1203(A)(3) when Juvenile placed urinal water into S.B.'s cup and she subsequently drank from it. We therefore affirm Juvenile's adjudication and the resulting disposition.
CONCURRING: PATRICIA K. NORRIS, Judge, and PHILIP HALL, Judge.
NOTES
[1] We view the facts in a light most favorable to sustaining the juvenile court's adjudication and resolve all inferences against Juvenile. See State v. Long, 207 Ariz. 140, 142, ¶ 2, 83 P.3d 618, 620 (App.2004).
[2] That provision states that a person commits assault by "[i]ntentionally, knowingly or recklessly causing any physical injury to another person."