NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SAMUEL ADAM VALENCIA, *Appellant.*

No. 1 CA-CR 15-0599
FILED 7-26-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-006085-001 DT
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

**W I N T H R O P**, Judge:

**¶1**        A jury found Samuel Adam Valencia ("Appellant") guilty of aggravated assault and criminal damage.  Appellant appeals only his aggravated assault conviction, arguing substantial evidence does not support the jury's finding that he knowingly spat on a police officer with the intent to injure, insult, or provoke the officer.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

**¶2**        In the early morning of September 19, 2014, Appellant threw a rock through the window of a residence.  Gila River Police Department officers responded to the scene and eventually located Appellant, who was "sweating heavily" and "yelling" that he was under the influence of methamphetamine and bath salts, had not slept, eaten, or drank for seven days, and wanted to be taken to jail.  Officers handcuffed Appellant and placed him in the back of a patrol car, where he demanded a drink of water.  Officer Johnson allowed Appellant to stand outside the patrol car and gave him some water.  After a second drink of water, Appellant spat on the officer.  The State charged Appellant by indictment with Count I, aggravated assault, a class five felony, and Count II, criminal damage, a class one misdemeanor.

**¶3**        At trial, Appellant admitted he was under the influence of methamphetamine when he threw the rock through the window, and acknowledged he had been "screaming nonsense basically," including that he was on bath salts and methamphetamine and had "been up for such and such days," because he wanted to be taken to jail.  He also acknowledged requesting and receiving water from Officer Johnson, but asserted that,

---

[1]      We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

while or after thanking the officer, he began to choke and unintentionally spat on the officer.[2]

**¶4** The jury found Appellant guilty as charged. After finding Appellant had two prior felony convictions, the trial court sentenced him to a presumptive term of five years' incarceration in the Arizona Department of Corrections for Count I, and a concurrent term of 136 days in jail for Count II, with credit for 136 days' presentence incarceration.

**¶5** We have jurisdiction over Appellant's timely appeal. *See* Ariz. Const. art. 6, § 9; Ariz. Rev. Stat. ("A.R.S.") §§ 12–120.21(A)(1) (2016), 13–4031 (2010), 13–4033(A) (2010).

## ANALYSIS

**¶6** Appellant argues his conviction for aggravated assault should be vacated because substantial evidence does not support the conclusion he knowingly spat on Officer Johnson with the objective of injuring, insulting, or provoking the officer; instead, he maintains he accidentally choked and unintentionally spat water on the officer.

**¶7** A conviction must be based on "substantial evidence." Ariz. R. Crim. P. 20(a). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996) (citation omitted). When reviewing the sufficiency of the evidence, we examine it in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against the defendant. *Id.* We will reverse for insufficient evidence only if there is a complete absence of probative facts to support the jury's conclusion. *State v. Soto-Fong*, 187 Ariz. 186, 200, 928 P.2d 610, 624 (1996) (citation omitted); *see also State v. Arredondo*, 155 Ariz. 314, 316, 746 P.2d 484, 486 (1987) ("[I]t must clearly appear that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the jury." (citation omitted)). The jury, not this court, determines credibility and the weight to give conflicting

---

[2] Appellant also recalled another police officer (Sergeant Butler) telling him "not to spit on the officer," and he agreed that spitting on a police officer could be considered disrespectful, hostile, insulting, and/or degrading. For the purpose of impeaching Appellant's believability at trial, the State elicited Appellant's admission that he had two prior felony convictions.

evidence. *See State v. Williams*, 209 Ariz. 228, 231, ¶ 6, 99 P.3d 43, 46 (App. 2004).

**¶8**        Neither party has recognized in its briefing that, after the State rested in this case, Appellant did not invoke Rule 20(a), Ariz. R. Crim. P., which requires that a defendant move for a judgment of acquittal when the evidence is insufficient to warrant a conviction.[3] *See State v. Spinks*, 156 Ariz. 355, 360, 752 P.2d 8, 13 (App. 1987). By failing to move for acquittal under Rule 20(a), Appellant has waived any claim of insufficiency of the evidence. *See id.* Accordingly, we review Appellant's claim for fundamental error only. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005); *see also State v. Gendron*, 168 Ariz. 153, 154, 812 P.2d 626, 627 (1991) ("Absent a finding of fundamental error, failure to raise an issue at trial . . . waives the right to raise the issue on appeal."). To be entitled to relief under this standard of review, Appellant must prove that error occurred, it was fundamental, and the error prejudiced him. *See Henderson*, 210 Ariz. at 567-69, ¶¶ 19-26, 115 P.3d at 607-09. Even assuming Appellant has not waived his entire argument on appeal,[4] as explained below, we find no error, fundamental or otherwise.

**¶9**        Under A.R.S. §§ 13-1203(A)(3) (2010) and 13–1204(A)(8)(a) (Supp. 2015), to obtain the conviction for aggravated assault, the State needed to prove Appellant knowingly touched[5] Officer Johnson with the intent to injure, insult, or provoke the officer while knowing or having

---

[3]        Appellant did not invoke Rule 20(a) after the evidence on either side closed. Moreover, after the State concluded its case-in-chief, when asked by the court if he wished to make a motion, defense counsel affirmatively declined to move for judgment of acquittal, stating, "No, Your Honor. I think it—in fairness, in all candor to the Court, I believe there is sufficient evidence to proceed forward on both counts, so nothing further."

[4]        Because Appellant does not argue on appeal that the alleged error is fundamental and prejudicial, he has arguably waived his entire argument on appeal. *See State v. Moreno–Medrano*, 218 Ariz. 349, 354, ¶ 17, 185 P.3d 135, 140 (App. 2008).

[5]        As the court instructed the jury, "[t]ouching includes spitting and does not require person-to-person contact." *See, e.g., State v. Mathews*, 130 Ariz. 46, 49, 633 P.2d 1039, 1042 (App. 1981).

reason to know Officer Johnson was a peace officer engaged in the execution of his official duties.[6]

¶10        In this case—Appellant's testimony notwithstanding—substantial evidence supports Appellant's conviction for aggravated assault. Officer Johnson testified Appellant "tilted his head down," "looked directly at me," "hock[ed] something up," then intentionally spat at the officer. The "spittle" struck Officer Johnson on his "lower torso, stomach area, ballistic vest area," stayed on his uniform, and "didn't just drip off." Although he did not respond physically or verbally, Officer Johnson testified he was "shocked" and felt "belittled" and "insulted." He recalled Sergeant Butler telling Appellant not to spit, and Appellant responding by just looking at Officer Johnson and not saying anything, except "just a spatter of words." When asked what made him believe Appellant had intentionally spat on him, Officer Johnson explained, "Just because the way he when he just looked directly at me and he gurgled something up and then he just spit. If . . . he needed to spit, he could have turned to the left or turned to another direction instead of just spitting directly towards me." Officer Johnson noted he was approximately an arm's length away from Appellant at the time, and Appellant had "room on either side where he could have spit."

¶11        Sergeant Butler witnessed Appellant turn to his left toward Officer Johnson and spit on the officer's outer ballistic vest area, near the navel. The spittle "was thick and it was globule about half inch across and it just stuck there. It didn't tend to drip. It was . . . a round globule that just stuck there and maintained its shape." Sergeant Butler testified the spitting appeared intentional because "if [Appellant] wanted to spit, if he just turned his head to the right a little bit and spit, it would have been fine. But he turned toward the officer and then spit." Immediately after Appellant

---

[6]        Appellant acknowledges the court properly instructed the jury, in accordance with A.R.S. § 13-105(10)(a) (Supp. 2015), that "'with intent to' means with respect to a result or to conduct described by a statute defining an offense, that a [person's] objective is to cause that result or to engage in that conduct." The jury was also properly instructed that "[i]ntent may be inferred from all the facts and circumstances disclosed by the evidence[,]" and its "existence . . . is one of the questions of fact for your determination." Additionally, the court instructed the jury that, "[if] the State is required to prove that the defendant acted knowingly, that requirement is satisfied if the State proves that the defendant acted intentionally."

spat on Officer Johnson, Sergeant Butler raised his voice and told Appellant, "[H]ey, don't spit on the officer."

¶12 The testimony of the two police officers provides substantial evidence to support the jury's finding that Appellant knowingly spat on Officer Johnson with the intent to insult or provoke the officer. The jury was entitled to accept the officers' version of events, *see State v. Lee*, 217 Ariz. 514, 516, ¶ 10, 176 P.3d 712, 714 (App. 2008) (citations omitted), and their testimony provided substantial evidence of Appellant's guilt. Accordingly, no error, much less fundamental error, occurred as a result of the jury's finding of guilt beyond a reasonable doubt.

## CONCLUSION

¶13 Appellant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: AA