**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 08 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE VALDIVIA-RODRIGUEZ, | No.    14-72168 |
| Petitioner, | |
| v. | Agency No. A201-147-919 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2017[**]
San Francisco, California

Before:  KLEINFELD and WARDLAW, Circuit Judges, and PETERSON,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Rosanna Malouf Peterson, United States District Judge for the Eastern District of Washington, sitting by designation.

Jose Valdivia-Rodriguez petitions for review of the Board of Immigration Appeals's ("BIA") order ruling that he was ineligible for cancellation of removal because he was convicted of a crime of domestic violence. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

Valdivia-Rodriguez's assault conviction was for a crime of violence as defined by 18 U.S.C. § 16(a) under the modified categorical approach. He pleaded guilty to subsection (A)(1) of the Arizona assault statute, which requires "causing any physical injury to another person." Ariz. Rev. Stat. § 13-1203(A)(1). The Arizona Criminal Code defines "[p]hysical injury" to mean "the impairment of physical condition." Id. § 13-105(33). His argument that the assault statute does not require physical force is therefore without merit. He relies on the hypothetical from In re Jeremiah T., 126 P.3d 177, 180 (Ariz. Ct. App. 2006), used to explain the holding that (A)(3) is not a lesser-included offense within (A)(1), but does not demonstrate "a realistic probability" that the statute is applied in the manner of the hypothetical (charging someone who withheld medication under (A)(1)), see Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007). The mens rea requirement was satisfied, because Valdivia-Rodriguez pleaded guilty to class 1 misdemeanor

assault, which requires acting intentionally or knowingly.  See Leocal v. Ashcroft, 543 U.S. 1, 9 (2004).

The domestic relationship requirement was also met here.  In Arizona, the State may charge the defendant with domestic violence by including the letters "DV" in the charging document and need not charge the defendant specifically under section 13-3601, which is Arizona's domestic violence statute.  Ariz. Rev. Stat. § 13-3601(H).  The signed plea states that Valdivia-Rodriguez was charged with and pleaded guilty to "Assault and Disorderly Conduct DV."  And the domestic relationships enumerated in section 13-3601(A) are coextensive with those listed in 8 U.S.C. § 1227(a)(2)(E)(i).  Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1125 n.5 (9th Cir. 2006) (en banc).

**PETITION FOR REVIEW DENIED.**