**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO ALDACO-QUEZADA, | No. 13-71717 |
| Petitioner, | Agency No. A088-358-519 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 17, 2017
San Francisco, California

Before: KLEINFELD and WARDLAW, Circuit Judges, and PETERSON,[**]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Rosanna Malouf Peterson, United States District Judge for the Eastern District of Washington, sitting by designation.

Arturo Aldaco-Quezada petitions for review of the Board of Immigration Appeals's ("BIA") order ruling him ineligible for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition because his assault conviction was for a crime of domestic violence under the modified categorical approach. See Cornejo-Villagrana v. Sessions, No. 13-72185, — F.3d —, 2017 WL 4051705 (9th Cir. Sept. 14, 2017).

Aldaco-Quezada pleaded guilty to subsection (A)(1) of the Arizona assault statute, which requires "causing any physical injury to another person." Ariz. Rev. Stat. § 13-1203(A)(1). His argument that this statue does not require physical force is unavailing. He relies on the hypothetical from In re Jeremiah T., 126 P.3d 177, 179 (Ariz. Ct. App. 2006), used to explain the holding that (A)(3) is not a lesser-included offense within (A)(1), but does not demonstrate "a realistic probability" that the statute is applied in the manner of the hypothetical (charging someone who withheld medication under (A)(1)), see Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007). The factual basis for the plea further supports the conclusion that Aldaco-Quezada was convicted of a crime that required the use of violent force. He admitted that he threw keys at his common-law wife, "which hit her and caused a red mark." His plea also satisfies the mens rea requirement

2

because he pleaded guilty to class 1 misdemeanor assault, which requires acting intentionally or knowingly rather than recklessly or negligently.  See Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1130–32 (9th Cir. 2006) (en banc).  The domestic relationship requirement is met here because Aldaco-Quezada also pleaded guilty to Arizona's domestic violence statute.  Ariz. Rev. Stat. § 13-1203(A)(1).

Because his assault conviction was for a crime of domestic violence, we do not reach the issue of whether his convictions for assault and resisting arrest were for crimes involving moral turpitude.

**PETITION FOR REVIEW DENIED.**